21223

**Victor KELLY, Appellant, v. STATE of South Carolina, Respondent.**
**(266 S. E. (2d) 417)**

*Staff Attys. David W. Carpenter* and *Vance J. Bettis, Commission of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Deputy Atty. Gen. Emmet H. Clair* and *State's Atty. William K. Moore,* Columbia, *for respondent.*

May 7, 1980.

NESS, Justice:

This appeal is from an order denying appellant Victor Kelley's applicatiton for post-conviction relief. We affirm.

Appellant was indicted for armed robbery, robbery and grand larceny in connection with a liquor store holdup. He was tried and acquitted of armed robbery. The following day he plead guilty to grand larceny in return for the solicitor's promise to drop other unrelated charges. His application for

post-conviction relief alleged his prosecution for grand larceny violated the double jeopardy clauses of the United States and South Carolina Constitutions. U. S. Const. Amendment V.; S. C. Const. Article I, § 12.

Appellant first asserts the trial court erred in holding his prosecution for grand larceny did not constitute double jeopardy. We agree.

Although the solicitor chose to proceed only on the armed robbery charge, the record reveals the single indictment under which appellant was tried charged all three offenses.[1] As a result, jeopardy attached on the grand larceny charge when the jury was impanelled and sworn. *See Crist v. Bretz,* 437 U. S. 28, 98 S. Ct. 2156, 57 L. Ed. (2d) 24 (1978); *State v. Charles,* 183 S. C. 188, 190 S. E. 466 (1937). We hold appellant's subsequent prosecution for grand larceny constituted double jeopardy.

Appellant next asserts the trial court erred in holding he waived any double jeopardy claim by pleading guilty. We disagree.

A counselled plea of guilty, knowingly and intelligently entered pursuant to a favorable plea bargain, waives a plea of former jeopardy. *Brown v. Maryland,* .... F. (2d) ...., No. 79-6583 (4th Cir., filed April 9, 1980). Appellant plead guilty to the grand larceny charge in return for the State's promise not to prosecute other unrelated charges, including housebreaking, grand larceny and pointing and presenting a firearm, for which he could have received up to twenty-six years.[2] The trial court found defense counsel's representation competent and a "conscious

---

[1] While the trial court did not pass on this aspect of appellant's double jeopardy claim, it was raised in both his amended application for post-conviction relief and his appellate brief and is properly before this Court for review. *See State v. Ham,* 268 S. C. 340, 233 S. E. (2d) 698 (1977), cert. denied, 434 U. S. 1019, 98 S. Ct. 740, 54 L. Ed. (2d) 765 (1978).

[2] *See* §§ 16-11-320, 16-23-410, 16-23-490 and 17-25-20, Code of Laws of South Carolina (1976).

and calculated decision" to accept the State's offer and waive appellant's double jeopardy claim. These findings are supported by the record and will not be disturbed on appeal. *Beaver v. State,* 271 S. C. 381, 247 S. E. (2d) 448 (1978); *McCall v. State,* 258 S. C. 463, 189 S. E. (2d) 6 (1972). Moreover, appellant benefited from his plea of guilty.

The order denying appellant's application for post-conviction relief is affirmed.

Affirmed.

LEWIS, C. J., LITTLEJOHN and GREGORY, JJ., and JOSEPH R. Moss, Acting Associate Justice, concur.