22421

The STATE, Respondent, v. Donald T. MUNSCH, Appellant.

(338 S. E. (2d) 329)

Supreme Court

*W. Gaston Fairey,* of *Fairey & Parise, P.A.,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr.,* and *Sol. James C. Anders,* Columbia, *for respondent.*

Submitted Oct. 21, 1985.

Decided Dec. 10, 1985.

*Per Curiam:*

Appellant was indicted for assault and battery of a high and aggravated nature (ABHAN). The appellant entered a plea of *nolo contendere* with the understanding that the judge would determine whether the degree of the offense was ABHAN or the lesser included offense of simple assault and battery. The court found the appellant guilty of ABHAN and sentenced him to two years suspended upon payment of a two-thousand ($2,000) dollar fine and one year probation. The appellant now claims there was insufficient evidence to support the trial judge's finding. We affirm.

A plea of *nolo contendere* is for all practical purposes a plea of guilty in the case in which it is pled. *Kibler v. State,* 267 S. C. 250, 227 S. E. (2d) 199 (1976); S. C. Code Ann. § 17-23-40 (1976). Guilty pleas act as a waiver of all non-jurisdictional defects and defenses. *Whetsell v. State,* 276 S. C. 295, 277 S. E. (2d) 891 (1981). Like a guilty plea, a plea of *nolo contendere* leaves open for review only the sufficiency of the indictment and waives all other defenses. *Kibler, supra.* Appellant waived any right to complain of the sufficiency of the evidence against him with his plea of *nolo contendere.*

A court cannot hear testimony after accepting the plea to determine either the fact or degree of the defendant's guilt because the plea admits all the elements of the offense charged. In *Kibler, supra,* we stated that "once a plea of *nolo contendere* is entered, it is beyond

the province of the court to make any determination of the accused's guilt." Any evidence taken after the plea has been accepted is merely to enable the court to determine the extent of the sentence. *See generally North Carolina State Bar v. Hall*, 293 N. C. 539, 238 S. E. (2d) 521 (1977); *State v. Barbour*, 243 N. C. 265, 90 S. E. (2d) 388 (1955); *State v. Cooper*, 238 N. C. 241, 77 S. E. (2d) 695 (1953); Annot., 89 A. L. R. (2d) 540 at 587 (1963).

There was sufficient evidence in the record to support a conviction of ABHAN. Because the judgment of the trial court was unaffected by the error in taking testimony, we affirm.