23411

Johnny Lee JIVERS, Petitioner v. STATE of South Carolina, Respondent.

(406 S.E. (2d) 154)

Supreme Court

*Assistant Appellate Defender Daniel T. Stacey* of *S.C. Office of Appellate Defense,* Columbia, *for petitioner.*

*Attorney Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka,* and *Asst. Atty. Gen. Delbert H. Singleton, Jr.,* Columbia, *for respondent.*

Submitted April 23, 1991.

Decided June 10, 1991.

HARWELL, Justice:

We granted Johnny Lee Jivers' petition for writ of certiorari to review the denial of his application for Post-Conviction Relief (PCR). The only question presented is whether the PCR judge erred in finding what petitioner received effective assistance of counsel when he was advised to plead guilty to the charge of assault and battery with intent to kill (ABIK), even though the double jeopardy clause would have barred prosecution of the charge. We reverse.

## I. FACTS

Petitioner was charged with criminal domestic violence arising from an incident in which he physically abused his common-law wife. Petitioner pled guilty to this charge and was sentenced to thirty days imprisonment. While he was serving his sentence, petitioner was charged with ABIK, based on the same incident. On March 3, 1989, petitioner pled guilty to this charge and was sentenced to eight years imprisonment. No direct appeal was taken. Petitioner then applied for PCR based on the claim that his attorney was ineffective in advising him to plead guilty to the ABIK charge because the double jeopardy clause could have been

raised as a bar to prosecution of the charge.[1] Petitioner contends that, had counsel not been deficient, he would not have pled guilty to the subsequent charge.

In his written order dismissing petitioner's application for PCR, the PCR judge found that petitioner had received effective assistance of counsel and that there was no double jeopardy violation. We granted petitioner's petition for writ of certiorari to review the denial of his application for PCR.

## II. DISCUSSION

In order to prove ineffective assistance of counsel, the defendant must satisfy a two-part test: first, that counsel's performance was deficient; and second, that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. (2d) 674 (1984). In *Hill v. Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. (2d) 203 (1985), the Supreme Court held that the two-part standard adopted in *Strickland* applied to guilty plea challenges premised on ineffective assistance of counsel. The Court stated that "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." 474 U.S. at 59, 106 S. Ct. at 370, 88 L. Ed. (2d) at 210.

At the PCR hearing, petitioner's trial counsel testified that he had discussed double jeopardy with petitioner and that he had informed petitioner and that he had informed petitioner that he did not think that there was a viable double jeopardy claim because the two crimes had different elements. Counsel's advice to petitioner that double jeopardy would not bar prosecution of the ABIK charge was based upon counsel's erroneous assumption that a second prosecution could not be barred if each offense required proof of an element which the other did not. Apparently, counsel's assumption was based upon *Blockburger v. United States*, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932). In *Blockburger*, the Court established a test for determining whether two of-

---

[1] The double jeopardy clause protects against a second prosecution for the same offense, after conviction or acuittal, and multiple punishment for the same offense. *State v. Magazine*, — S.C. —, 393 S.E. (2d) 385 (1990).

fenses are sufficiently distinguishable to permit the imposition of cumulative punishment:

> The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.

*Id.*, 284 U.S. at 304, 52 S. Ct. at 182, 76 L. Ed. at 309. The *Blockburger* test focuses on the statutory elements of the offense; if each requires proof of a fact that the other does not, the *Blockburger* test is satisfied and there is no double jeopardy violation.

However, in *Illinois v. Vitale*, 447 U.S. 410, 100 S. Ct. 2260, 65 L. Ed. (2d) 228 (1980), the Supreme Court suggested that even if two successive prosecutions were not barred by the *Blockburger* test, the second prosecution would be barred if the prosecution sought to establish an essential element of the second crime by proving the conduct for which the defendant was convicted in the first prosecution. This Court has adopted the rationale utilized in *Vitale* in several cases. In *State v. Grampus*, 288 S.C. 395, 343 S. E. (2d) 26 (1986), we held that a felony "driving while under the influence" prosecution violated the defendant's right to be free from double jeopardy since the prosecution was based on the same act which served as a basis for the defendant's prior conviction for violation traffic laws. Again, in *State v. Carter*, 291 S.C. 385, 353 S.E. (2d) 875 (1987), we held that double jeopardy prohibited the defendant's subsequent prosecution for reckless homicide where the State relied on and proved the same facts of the adjudicated DUI offense to establish the reckless act necessary to prove reckless homicide.

The facts of this case are very similar to the facts in our recent decision in *State v. Magazine*, — S.C. —, 393 S.E. (2d) 385 (1990). In *Magazine*, a family court judge issued an order prohibiting the defendant from contacting or abusing his wife. The defendant was subsequently held in contempt of that order and was sentenced to one year imprisonment, suspended upon payment of a fine of $1,500. Three months later, the defendant was charged with assault and battery of a high and aggravated nature (ABHAN). We concluded that the defendant's contempt

sanction was criminal in nature and that, as a result, the defendant's successive prosecution for ABHAN for the same conduct violated the double jeopardy clause. Here, since there is no dispute that the conduct that supported the ABIK charge was the same conduct that supported the criminal domestic violence charge, petitioner's subsequent prosecution for ABIK was clearly a violation of the double jeopardy clause. *See also Grady v. Corbin,* — U.S. —, 110 S. Ct. 2084, 109 L. Ed. (2d) 548 (1990) (double jeopardy clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted). Although *Corbin* and *Magazine* were decided after petitioner's guilty plea, these cases merely demonstrate an application of *Vitale, Grampus,* and *Carter* that counsel should have been aware of and should have raised to bar prosecution of the ABIK charge. We find that counsel's failure to advise petitioner that he had a viable double jeopardy claim constituted deficient performance.

The State asserts that, even if petitioner's guilty plea to the ABIK charge did violate the double jeopardy clause, petitioner's guilty plea cannot be vacated because it was knowingly and intelligently entered into pursuant to a favorable plea bargain.[2] The State relies on *Kelly v. State,* 274 S.C. 613, 266 S.E. (2d) 417 (1980), in which we held that a "counselled plea of guilty, knowingly and intelligently entered pursuant to a favorable plea bargain, waives a plea of former jeopardy." 274 S.C. at 615, 266 S.E. (2d) at 418. However, *Kelly* is clearly distinguishable from the case at hand because in *Kelly,* the trial judge found that counsel's representation was competent and that the defendant had made a conscious and calculated decision to waive the double jeopardy claim.

As to the second prong of the ineffective assistance of counsel test, we find that petitioner has proved that his counsel's deficient performance prejudiced him because, but for counsel's erroneous advice, petitioner would not have pled guilty. Accordingly, the order of the PCR judge is

---

[2] Here, petitioner pled guilty to the ABIK charge in return for the State's promise that his sentence would not exceed ten years and that the State would not pursue prosecution against him on another unrelated charge.

Reversed.

GREGORY, C.J., and CHANDLER, FINNEY and Toal, JJ., concur.