534 S.E.2d 708

The STATE, Respondent,

v.

Randall Keith THOMASON, Appellant.

No. 3207.

Court of Appeals of South Carolina.

Heard May 8, 2000.

Decided June 26, 2000.

Rehearing Denied Sept. 2, 2000.

Assistant Appellate Defender Aileen P. Clare, of SC Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles M. Condon, Chief Jonathan E. Ozmint, of State Grand Jury, and Assistant Attorney General Robert E. Bogan, all of Columbia; and Solicitor Holman C. Gossett, of Spartanburg, for respondent.

MOREHEAD, Acting Judge:

Randall Keith Thomason appeals from his guilty plea to trafficking in marijuana, arguing the circuit court erred in denying his motion to dismiss the indictment on the ground of double jeopardy. We affirm.

In September 1997, the Greenville County Grand Jury indicted Thomason on one count of possession with intent to distribute marijuana for an incident that occurred in Greenville County on October 9, 1996.

On October 16, 1997, the State Grand Jury indicted Thomason on one count of "trafficking in marijuana (conspiracy)" pursuant to S.C.Code Ann. § 44–53–370(e)(1)(b). The indictment charged Thomason with conspiring to transport at least one hundred pounds but less than two thousand pounds of marijuana into the state, from 1989 until the date of the indictment. The indictment alleged the conspiracy took place in Spartanburg, Greenville, Anderson, and Pickens counties.

Thomason pled guilty in the Greenville County Circuit Court on January 20, 1998 to the indictment charging him with possession with intent to distribute marijuana. The circuit court sentenced him to five years in prison, suspended upon three years probation with the condition that he pass all drug tests.

On August 18, 1998, Thomason and his attorney signed a plea agreement regarding the State Grand Jury charge of trafficking in marijuana. The agreement allowed Thomason to plead guilty to trafficking at least ten pounds but less than

one hundred pounds of marijuana, rather than the amount charged in the indictment of at least one hundred pounds but less than two thousand pounds of marijuana.

Thomason formally entered a guilty plea in Spartanburg County Circuit Court pursuant to the plea agreement, after unsuccessfully moving to dismiss the indictment based on his claim of double jeopardy. The circuit court accepted Thomason's plea. At a subsequent hearing, the circuit court sentenced Thomason to ten years in prison and fined him $10,000 on this charge.

## I.

 Thomason appeals, arguing the circuit court erred in denying his motion to dismiss the charge of trafficking in marijuana based on double jeopardy. We conclude Thomason waived any double jeopardy claim by pleading guilty.

 A guilty plea generally acts as a waiver of all non-jurisdictional defects and defenses. *State v. Munsch,* 287 S.C. 313, 338 S.E.2d 329 (1985). The plea admits all elements of the offense charged, "leaves open for review only the sufficiency of the indictment and waives all other defenses." *Id.* at 314, 338 S.E.2d at 330; *cf. United States v. Broce,* 488 U.S. 563, 569, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989) ("A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilty and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack.").

The State Grand Jury indictment alleged Thomason conspired to traffic in marijuana from 1989 until October 16, 1997, the date of the indictment. The Greenville County Grand Jury indictment alleged that Thomason possessed marijuana with intent to distribute on October 9, 1996. During the plea hearing, Thomason essentially asserted that the trafficking charge and the possession charge arose from the same quantity of marijuana, fourteen pounds. The State, however, argued

the trafficking charge alleged an unlawful agreement to commit an unlawful act in four counties, which is separate and distinct from the substantive offense of possession with intent to distribute in Greenville County alone. The State further argued it could establish at trial that Thomason was involved with more than the fourteen pounds purportedly involved in the possession charge.

The circuit court denied Thomason's motion to dismiss the indictment based on the allegation of double jeopardy, noting the indictment charged Thomason with trafficking at least one hundred pounds but less than two thousand pounds of marijuana, and the charge was "legal on its face." Thomason thereafter pled guilty to the trafficking charge based on at least ten pounds but less than one hundred pounds of marijuana as provided in the plea agreement. When the circuit court advised Thomason that by pleading guilty he was waiving his right to the double jeopardy claim and a trial by jury, Thomason stated he understood. The circuit court accepted the plea, finding the "plea to be freely, voluntarily, and certainly thoughtfully and intelligently entered."

By entering a guilty plea, Thomason admitted the circumstances described in the trafficking indictment. The State allowed Thomason to plead to a reduced quantity in accordance with the terms of the plea agreement. Thomason's waiver of the double jeopardy claim resulted in a favorable plea bargain, and he does not contend his plea was unknowing and involuntary. *See State v. McKinney*, 278 S.C. 107, 292 S.E.2d 598 (1982) (absent a timely objection at the plea proceeding, the unknowing and involuntary nature of a guilty plea may properly be attacked only through the more appropriate means of post-conviction relief). Accordingly, by pleading guilty instead of proceeding to trial and attempting to show the existence of only one offense, Thomason waived his double jeopardy claim. *See Kelly v. State*, 274 S.C. 613, 615, 266 S.E.2d 417, 418 (1980) (holding a "counselled plea of guilty, knowingly and intelligently entered pursuant to a favorable plea bargain, waives a plea of former jeopardy"); *see also State v. Truesdale*, 278 S.C. 368, 296 S.E.2d 528 (1982) (holding it is improper for a defendant to seek to preserve constitutional issues while entering a plea of guilty because

the plea waives all prior claims of constitutional rights or deprivations thereof).

## II.

Thomason, however, argues a guilty plea does not waive a double jeopardy claim. Thomason specifically cites *Menna v. New York*, 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975), wherein the Court held, "[w]here the State is precluded by the United States Constitution from haling a defendant into court on a charge, federal law requires that a conviction on that charge be set aside even if the conviction was entered pursuant to a counseled plea of guilty." *Id.* at 62, 96 S.Ct. 241. We find the *Menna* holding does not apply to the facts of this case.

While the *Menna* Court held that, under certain circumstances, a defendant does not waive a double jeopardy claim, the Court refused to hold that a defendant never can waive a double jeopardy claim. The Court instead limited its holding and stated "that a plea of guilty to a charge does not waive a claim that—judged on its face—the charge is one which the State may not constitutionally prosecute." *Id.* at 63 n. 2, 96 S.Ct. 241.

In *United States v. Broce*, 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989), the Court stated the trial judge in *Menna* should have made a determination that the second charge could not go forward at the time the plea was entered based on the record because the defendant's plea amounted to a redundant confession of the earlier offense. The Court held where the indictments on their face describe separate offenses and the defendant cannot prove his claim of double jeopardy by only relying on the indictments and the existing record, the plea admits the factual allegations and the defendant waives any double jeopardy claim. *Broce*, 488 U.S. at 575–76, 109 S.Ct. 757.

Based on the analysis in *Broce*, the holding in *Menna* only applies in the very limited circumstances where it is clear from the face of the indictment and the record before the circuit court that the second charge is the same as a previous charge. In such circumstances, admitting guilt to the second charge is, in effect, a redundant confession. In all other circumstances,

i.e., where the factual allegations in the indictments charge two distinct offenses on their face and it is necessary to go beyond the indictments and the immediate record to determine the validity of the claim, the defendant waives the double jeopardy claim by pleading guilty.

In this case, there is no way to determine, without going outside the indictments and the record before the circuit court, whether the same marijuana was involved in both the trafficking and possession offenses. We, therefore, conclude Thomason waived his double jeopardy claim by pleading guilty and thereby admitting the factual allegations in the indictments.

**AFFIRMED.**

HEARN, C.J., and STILWELL, J., concur.