578 S.E.2d 751

The STATE, Respondent,

v.

Christopher Douglas PARIS, Appellant.

No. 3611.

Court of Appeals of South Carolina.

Submitted Jan. 10, 2003.

Decided March 17, 2003.

John Dennis Delgado, of Columbia; for Appellant.

Attorney General Henry Dargan McMaster; Chief Deputy Attorney General John W. McIntosh; Assistant Deputy Attorney General Charles H. Richardson; Assistant Attorney General Deborah R.J. Shupe, of Columbia; Solicitor Thomas E. Pope, of York; for Respondent.

GOOLSBY, J.:

Christopher Douglas Paris appeals his conviction for criminal sexual conduct with a minor in the first degree. The sole issue he raises on appeal is whether the trial court erred

in refusing his plea of nolo contendere.[1] We find no abuse of discretion and affirm.[2]

After a jury was selected but before it could be sworn, Paris entered a nolo contendere plea to the indictment with a recommendation from the State that his sentence not exceed five years of "actual prison time" with probation to follow. The trial court determined Paris was making the plea freely, voluntarily, and intelligently. It found the facts as presented by the State and reflected in Paris' prior statements supported the plea.

When questioned by the trial court regarding whether he had anything to say to the court, Paris said he knew the crime had not happened but was not going to contest the charge because he did not feel like putting his child through a trial. Upon hearing this, the trial court altered course and told Paris it would not accept his plea after all. Paris again told the court he did not wish to contest the charge. The trial court, however, held to its position, notwithstanding Paris and his counsel urged the court to accept his plea. It refused to accept Paris' plea because Paris insisted on his innocence. The trial court told Paris it would not accept the plea unless Paris admitted he committed the crime. Paris would not do so, telling the trial court, "I couldn't sit up here and tell you I did do it."

Thereupon, the jury was sworn, a trial was held, and Paris was convicted. The trial court sentenced Paris to ten years imprisonment but suspended the sentence upon service by Paris of five years imprisonment and five years probation. Paris appeals, claiming the trial court abused its discretion when it refused to accept his nolo contendere plea solely because he would not admit his guilt. Paris also claims the trial court deprived him of the benefit of his bargain with the

---

1. For all practical purposes, a plea of nolo contendere is a plea of guilty in the particular case. *State v. Munsch*, 287 S.C. 313, 338 S.E.2d 329 (1985); *Kibler v. State*, 267 S.C. 250, 227 S.E.2d 199 (1976); *see* 21 Am.Jur.2d *Criminal Law* § 728, at 703 (1998) (stating that a plea of nolo contendere is the functional or substantive equivalent of a guilty plea).

2. We decide this case without oral argument pursuant to Rule 215, SCACR.

State because he lost the "possibility" of receiving a lesser sentence.

Paris relies upon *North Carolina v. Alford*[3] and *United States v. Gaskins*[4] for the proposition that a trial court commits an abuse of discretion when it refuses to accept a defendant's guilty plea solely because the defendant will not admit the alleged facts of the crime.

As to the *Alford* case, the Supreme Court merely held the Constitution does not prohibit the *acceptance* of a guilty plea despite protestations by the defendant of his or her innocence. The case has nothing whatever to do with the *rejection* of guilty pleas.[5]

As to the *Gaskins* case, other courts have either rejected it outright or declined to follow it.[6] We likewise reject it and hold like a majority of the federal circuits that have considered the question that a trial court "can indeed reject a guilty plea because the defendant protests innocence."[7] As the court pointed out in *Bednarski*, "a conviction affects more than the court and the defendant; the public is involved.... [T]he public might well not understand or accept the fact that a defendant who denied his guilt was nonetheless placed in a position of pleading guilty and going to jail...."[8]

Paris argues he "lost the bargain offered by the State of the possibility of receiving a sentence [of] less than five years" when the trial court refused to accept his plea. First, the trial court was not required to accept the State's recom-

3. 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

4. 485 F.2d 1046 (D.C.Cir.1973).

5. 400 U.S. at 38 n. 11, 91 S.Ct. 160; *United States v. Cox*, 923 F.2d 519, 524–25 (7th Cir.1991).

6. *Cox*, 923 F.2d at 525 n. 3; *United States v. Gomez–Gomez*, 822 F.2d 1008, 1011 (11th Cir.1987); *United States v. O'Brien*, 601 F.2d 1067, 1069–70 (9th Cir.1979); *United States v. Biscoe*, 518 F.2d 95, 96 (1st Cir.1975); *United States v. Bednarski*, 445 F.2d 364, 366 (1st Cir.1971).

7. *Cox*, 923 F.2d at 524.

8. *Bednarski*, 445 F.2d at 366.

mendation as to the sentence Paris should receive.[9]   Second, he got essentially the same sentence the State had agreed to recommend to the trial court, i.e., five years of actual imprisonment followed by probation.

**AFFIRMED.**

HEARN, C.J., and SHULER, J., concur.

---

**9.**   *See State v. Riddle,* 278 S.C. 148, 292 S.E.2d 795 (1982).