THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
James Edgar Hutchinson, Appellant.
 
 
 

Appeal From Florence County
 B. Hicks Harwell, Jr., Circuit Court Judge

Unpublished Opinion No. 2005-UP-532
Submitted September 1, 2005  Filed September 20, 2005  

AFFIRMED

 
 
 
Assistant Appellate Defender Eleanor Duffy Cleary, of Columbia, for Appellant.
Attorney General Henry Dargan McMaster; Chief Deputy Attorney General John W. McIntosh; Assistant Deputy Attorney General Salley W. Elliott; Sr. Assistant Attorney General Harold M. Coombs, Jr., Office of the Attorney General, of Columbia; and Solicitor Edgar Lewis Clements, III, of Florence, for Respondent.
 
 
 

PER CURIAM:  Pursuant to a negotiated plea, Hutchinson pled guilty to grand larceny exceeding $5,000, two counts of first-degree burglary, and one count of second-degree burglary.  He received a total of fifteen years imprisonment.  
Hutchinson filed a timely notice of appeal.  His counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967).  In his pro se Anders response, Hutchinson raised the issue of whether the trial court had jurisdiction to accept his guilty plea where the first-degree burglary indictment was amended to include an additional aggravating factor.  On December 6, 2004, this court ordered re-briefing on the subject matter jurisdiction issue raised in Hutchinsons pro se Anders response.  This issue is now our sole appellate consideration.  
We affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities:  State v. Gentry, 363 S.C. 93, 103, 910 S.E.2d 494, 500 (2005) (holding that issues concerning the sufficiency of an indictment are not issues of subject matter jurisdiction); State v. Rogers, 361 S.C. 178, 183, 603 S.E.2d 910, 912-13 (Ct. App. 2004) (holding that an issue must be raised to and ruled upon by the trial judge in order to be preserved for appellate review); State v. Thompson, 341 S.C. 524, 526, 534 S.E.2d 708, 710 (Ct. App. 2000) (A guilty plea generally acts as a waiver of all non-jurisdictional defects and defenses.).
AFFIRMED.[1]
 GOOLSBY, BEATTY, and SHORT, JJ., concur.

[1]  We decide this case without oral argument pursuant to Rule 215, SCACR.