661 S.E.2d 373

**The STATE, Respondent,**

v.

**Michael D. THRIFT, Appellant.**

**No. 26481.**

Supreme Court of South Carolina.

Heard April 16, 2008.

Decided May 12, 2008.

Chief Appellate Defender Joseph L. Savitz, III, of South Carolina Commission on Indigent Defense, Division of Appellate Defense, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster; Chief Deputy Attorney General John W. McIntosh; Assistant Deputy Attorney General Salley W. Elliott; Assistant Attorney General Julie M. Thames; all of Columbia; and Solicitor Barbara R. Morgan, of Aiken, for Respondent.

PER CURIAM.

Michael D. Thrift appeals from his guilty plea to assault and battery with intent to kill and his sentence of twelve years. He argues the plea judge's comments regarding his right to appeal rendered his plea conditional and that there should be another procedure in place for appeals of non-meritorious guilty pleas. We affirm Thrift's guilty plea and sentence pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Downs,* 361 S.C. 141, 146, 604 S.E.2d 377, 379–80 (2004) (finding that a plea was not a conditional one where the defendant did not attempt to reserve his right to later deny or qualify his guilt); *State v. Passaro,* 350 S.C. 499, 505, 567 S.E.2d 862, 866 (2002) (noting that a guilty plea generally acts as a waiver of all non-jurisdictional defects and defenses); *Roddy v. State,* 339 S.C. 29, 33, 528 S.E.2d 418, 421 (2000) ("To find a guilty plea is voluntarily and knowingly entered into, the record must establish the defendant had a full understanding of the consequences of his plea and the charges against him."); *State v. Munsch,* 287 S.C. 313, 314, 338 S.E.2d 329, 330 (1985) (holding a guilty plea admits the elements of the offenses charged and leaves open for review only the sufficiency of the indictment and waives all other defenses); *State v. Thomason,* 341 S.C. 524, 526, 534 S.E.2d 708, 710 (Ct.App. 2000) (noting that where an appellant seeks to reopen a guilty plea proceeding, the inquiry is generally confined to whether the plea was knowingly and voluntarily entered); Rule 201(a), SCACR ("Appeal may be taken, as provided by law, from any final judgment, appealable order or decision.").

Further, we take this opportunity to point out to the bench and bar that a new procedure has already been promulgated by this Court to deal with guilty pleas. Effective May 1, 2008,

Rule 203, SCACR, was amended to require an explanation of issues be filed with the notice of appeal from a guilty plea:

(B)(iv) If the appeal is from a guilty plea, an *Alford* plea or a plea of nolo contendere, a written explanation showing that there is an issue which can be reviewed on appeal. This explanation should identify the issue(s) to be raised on appeal and the factual basis for the issue(s) including how the issue(s) was raised below and the ruling of the lower court on that issue(s). If an issue was not raised to and ruled upon by the lower court, the explanation shall include argument and citation to legal authority showing how this issue can be reviewed on appeal. If the appellant fails to make a sufficient showing, the notice of appeal may be dismissed.

**AFFIRMED.**

TOAL, C.J., MOORE, WALLER, PLEICONES and BEATTY, JJ., concur.