**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Marvin Brock Johnson, Appellant.

Appellate Case No. 2014-002435

Appeal From Aiken County
R. Knox McMahon, Circuit Court Judge

Unpublished Opinion No. 2016-UP-476
Submitted October 1, 2016 – Filed November 16, 2016

**AFFIRMED**

Appellate Defender Laura Ruth Baer, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Attorney General David A. Spencer, both of Columbia; and Solicitor James Strom Thurmond, Jr., of Aiken, for Respondent.

**PER CURIAM:** Marvin Brock Johnson appeals his conviction for shoplifting, arguing the trial court erred in (1) failing to exercise its discretion when it refused to accept his *Alford* plea, (2) admitting his alleged prior bad acts as evidence of

common scheme or plan and intent, and (3) admitting his prior bad acts by determining the State had proved the acts by clear and convincing evidence. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in failing to exercise its discretion when it refused to accept the *Alford* plea: *North Carolina v. Alford*, 400 U.S. 25, 38 (1970) (holding a trial court does not "commit constitutional error" by accepting an *Alford* plea); *id.* at 37 ("An individual accused of [a] crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime."); *id.* at 38 n.11 ("Our holding does not mean that a trial [court] must accept every constitutionally valid guilty plea merely because a defendant wishes so to plead."); *State v. Paris*, 354 S.C. 1, 3, 578 S.E.2d 751, 752 (Ct. App. 2003) ("[A] trial court 'can indeed reject a guilty plea because the defendant protests innocence.'" (quoting *United States v. Cox*, 923 F.2d 519, 524 (7th Cir. 1991))).

2. As to whether the trial court erred in admitting the alleged prior bad acts as evidence of common scheme or plan and intent: *State v. Wilson*, 345 S.C. 1, 6, 545 S.E.2d 827, 829 (2001) (providing appellate courts "do not review a trial [court's] ruling on the admissibility of other bad acts by determining *de novo* whether the evidence rises to the level of clear and convincing"); *id.* ("If there is any evidence to support the admission of the bad act evidence, the trial [court's] ruling will not be disturbed on appeal."); Rule 404(b), SCRE ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."); *id.* ("It may, however, be admissible to show motive, identity, the existence of a common scheme or plan, the absence of mistake or accident, or intent."); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ."); *State v. Fletcher*, 379 S.C. 17, 24, 664 S.E.2d 480, 483 (2008) ("The determination of the prejudicial effect of the evidence must be based on the entire record and the result will generally turn on the facts of each case."); *State v. Martucci*, 380 S.C. 232, 250, 669 S.E.2d 598, 607 (Ct. App. 2008) ("A trial [court's] decision regarding the comparative probative value and prejudicial effect of relevant evidence should be reversed only in exceptional circumstances.").

3. As to whether the trial court erred in admitting the prior bad acts by determining the State had proved the acts by clear and convincing evidence: *Wilson*, 345 S.C. at 6, 545 S.E.2d at 829 (providing appellate courts "do not review a trial [court's]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

ruling on the admissibility of other bad acts by determining *de novo* whether the evidence rises to the level of clear and convincing"); *id.* ("If there is any evidence to support the admission of the bad act evidence, the trial [court's] ruling will not be disturbed on appeal.").

**AFFIRMED.**

**WILLIAMS, THOMAS, and GEATHERS, JJ., concur.**