**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Perry Drake Gilmore, Jr., Appellant.

Appellate Case No. 2017-002283

Appeal From Lexington County
William P. Keesley, Circuit Court Judge

Unpublished Opinion No. 2020-UP-079
Submitted February 1, 2020 – Filed March 25, 2020

**AFFIRMED**

Appellant Defender Victor R. Seeger, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Deputy Attorney General Donald J. Zelenka, both of Columbia, and Solicitor Samuel R. Hubbard, III, of Lexington, all for Respondent.

**PER CURIAM:** Perry Drake Gilmore, Jr., appeals his "no contest" guilty plea for his convictions of assault and battery, indecent exposure, and hit and run with property damage. Gilmore was sentenced to concurrent sentences of three years'

imprisonment for the charges of assault and battery and indecent exposure and one-year's imprisonment for the hit and run with property damage charge. On appeal, Gilmore argues the trial court erred by denying his motion to withdraw his "no contest" guilty plea and enter into a "guilty but mentally ill" plea. We affirm.

At the plea hearing, the trial court reviewed the different pleas Gilmore could enter into and specifically reviewed the plea of guilty but mentally ill. However, Gilmore maintained he wanted to plead "no contest" and affirmed he intended to plead "no contest" to all of his charges. The trial court reviewed Gilmore's constitutional rights, explained the implications of his plea, and found he moved forward with the plea knowingly, intelligently, and voluntarily. *See Roddy v. State*, 339 S.C. 29, 33, 528 S.E.2d 418, 421 (2000) ("To find a guilty plea is voluntarily and knowingly entered into, the record must establish the defendant had a full understanding of the consequences of his plea and the charges against him."); *State v. Lopez*, 352 S.C. 373, 379, 574 S.E.2d 210, 213 (Ct. App. 2002) ("Before accepting a guilty plea, the trial court must give the defendant an adequate warning of the consequences of his plea, which should include an explanation of the defendant's waiver of his constitutional rights and a realistic picture of all sentencing possibilities."); *State v. Munsch*, 287 S.C. 313, 314, 338 S.E.2d 329, 330 (1985) ("A plea of nolo contendere is for all practical purposes a plea of guilty in the case in which it is pled."). Thus, Gilmore entered into his plea of "no contest" knowingly, voluntarily, and intelligently. Accordingly, the trial court did not abuse its discretion by denying his motion to withdraw his plea and change his "no contest" plea to a plea of guilty but mentally ill. *See Lopez*, 352 S.C. at 378, 574 S.E.2d at 212 ("Once a defendant enters a plea of guilty, the decision whether to allow withdrawal of the plea is left to the trial court's sound discretion."); *id.* ("An abuse of discretion occurs when a [plea] court's decision is unsupported by the evidence or controlled by an error of law.").[1]

---

[1] Although Gilmore contended at the reconsideration hearing that he was mentally ill, he provided no evidence supporting his assertion. *See* S.C. Code Ann. § 17-24-20(A) (2014) ("A defendant is guilty but mentally ill if, at the time of the commission of the act constituting the offense, he had the capacity to distinguish right from wrong or to recognize his act as being wrong . . . but because of mental disease or defect he lacked sufficient capacity to conform his conduct to the requirements of the law."); § 17-24-20(D) ("A court may not accept a plea of guilty but mentally ill unless, after a hearing, the court makes a finding upon the record that the defendant proved by a preponderance of the evidence that when he committed the crime he was mentally ill.").

**AFFIRMED.**[2]

**LOCKEMY, C.J., and GEATHERS and HEWITT, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.