**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Randal William Benton, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2017-002021

Appeal From Dorchester County
Benjamin H. Culbertson, Circuit Court Judge

Unpublished Opinion No. 2021-UP-290
Submitted June 1, 2021 – Filed August 4, 2021

**AFFIRMED**

Appellate Defender Susan Barber Hackett, of Columbia, for Petitioner.

Attorney General Alan Wilson and Assistant Attorney General Benjamin Hunter Limbaugh, both of Columbia, for Respondent.

**PER CURIAM:** This court granted certiorari to review a circuit court order denying Randal Benton's petition for post-conviction relief (PCR). Benton was tried and convicted of murder for killing his estranged wife during an argument.

The PCR claim relates to an unsuccessful attempt to enter an *Alford*[1] plea the week before trial. The plea judge refused to accept the plea after questioning Benton about the case. Benton's answers gave the judge the impression Benton was not sure whether the State had evidence sufficient to prove his guilt and that he had not been over all of the evidence with his lawyer.

Benton claims trial counsel was ineffective in failing to argue with the plea judge that Benton was indeed familiar with the evidence against him and that counsel was also ineffective in withholding certain evidence from Benton. Benton did not say at the PCR hearing what evidence he had not reviewed at the time of the failed plea, but his trial counsel testified the only material he had not shared with Benton before the plea hearing were photos of Benton's wife and her wounds. Trial counsel also said he would have told Benton he was withholding those photos when he sent Benton the case's discovery materials.

The key cases from the U.S. Supreme Court establish that the standard for this sort of claim to be successful is a reasonable probability that the result of the plea process would have been different but for counsel's deficient performance. *Lafler v. Cooper*, 566 U.S. 156, 163 (2012); *Missouri v. Frye*, 566 U.S. 134, 147-48 (2012). An applicant must show there is a reasonable likelihood the plea would have been entered without the prosecution cancelling it or the trial court refusing to accept it. *Frye*, 566 U.S. at 147-49. Precedent recognizes judges retain broad discretion to accept or reject pleas. *State v. Paris*, 354 S.C. 1, 3, 578 S.E.2d 751, 752 (Ct. App. 2003) (discussing the court's discretion to reject pleas).

The PCR court found the testimony of Benton's trial counsel "credible and persuasive." The court also found Benton's refusal to state that he agreed with the State's recitation of facts combined with the plea judge's disfavor for the plea weighed against a finding that trial counsel was deficient.

The evidence supports these findings, and we will uphold the PCR court's factual findings as long as there is any evidence of probative value supporting them. *Smalls v. State*, 422 S.C. 174, 180, 810 S.E.2d 836, 839 (2018). Benton appeared to have no problems communicating with the plea judge until it came time for him to admit there was strong evidence against him. Benton said he believed he would be found guilty but would not readily agree that the state could produce sufficient evidence to prove its version of the facts. Also at the PCR hearing, trial counsel said the plea judge did not want to take the plea from the start and that counsel believed he would

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970).

have tried to rehabilitate the plea in chambers, though he did not specifically recall doing so. These facts point away from there being a reasonable chance the plea judge would have accepted the plea. As noted above, judges have broad discretion to accept or reject pleas. *See Paris*, 354 S.C. at 3, 578 S.E.2d at 752.

Importantly, the burden of showing prejudice—in this case, the burden of showing a reasonable chance the judge would have accepted the plea—is Benton's to carry. *Lafler*, 566 U.S. at 163 (citing *Frye*, 566 U.S. at 148). Benton did not offer any evidence on this point. Indeed, the evidence from Benton's trial counsel tends to show the judge was reluctant to take the *Alford* plea and that it was not a shock when the plea was rejected.

Fairness requires acknowledging the PCR court misstated one piece of evidence. The PCR court wrote that Benton's trial counsel believed Benton likely did not agree during the plea hearing with the State's reference to a broken picture frame. Trial counsel never said anything about that in the PCR hearing.

Even so, the PCR court's key factual findings foreclose a finding of prejudice. As already outlined, the record supports the view that Benton was evasive in responding to the plea judge and that the judge already did not favor the plea.

**AFFIRMED.**[2]

**LOCKEMY, C.J., and HUFF and HEWITT, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.