THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Charles LeRoy Dean, Appellant.
 
 
 

Appeal From Georgetown County
 Paula H. Thomas, Circuit Court Judge

Unpublished Opinion No. 2007-UP-009
Submitted December 1, 2006  Filed January 11, 2007

AFFIRMED

 
 
 
 Assistant Appellate Defender Aileen P. Clare, Office of Appellate Defense, of Columbia, for Appellant,
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Special Assistant Attorney General Amie L. Clifford, all of Columbia; and Solicitor John Gregory Hembree, of Conway, for Respondent.
 
 
 

PER CURIAM:  Charles Leroy Dean appeals his convictions for two counts of criminal sexual conduct with a minor in the second degree and a single count of disseminating obscene materials to a minor.  He argues the trial court erred in admitting evidence of uncharged acts and in denying his motion to sequester witnesses.  We affirm.          
FACTS
Charles Leroy Dean was employed at the Tara Hall Home for Boys[1] (the Home) as a child care worker from July of 1997 until his suspension in January of 2000.  During his time at the Home, Dean shared living quarters with the boys he supervised.  Dean had direct supervision over seven boys who ranged from nine to fifteen years of age. 
On January 28, 2000, a thirteen-year-old boy (Doe) informed the Home that Dean had forced him into receiving oral sex.  Doe stated the incident had occurred two days prior to his telling the Home.  The Home alerted the Georgetown County Sheriffs Department (the Police) and the South Carolina Department of Social Services (DSS) and immediately suspended Dean.   
Subsequent to the above accusations, the Police spoke with a fifteen-year-old boy (Roe) who had previously been under the supervision of Dean.  Roe informed the Police that he and Dean had an ongoing sexual relationship during his time at the Home.  Roe testified that he and Dean had engaged in oral and anal sex on many different occasions.   
Lastly, a fifteen-year-old third boy informed Police that Dean had utilized his computer to show the boy images of  nude men and women having sex.[2]  In a statement given to Police and DSS, Dean admitted to showing this boy nude pictures of men and women.   
A Georgetown County grand jury indicted Dean for two counts of criminal sexual conduct with a minor in the second degree and three counts of disseminating obscene materials to a minor.  The State elected to try Dean on only one count of disseminating obscene material to a minor.  At trial, the jury convicted Dean on all charges, and the trial court sentenced him to fifteen years imprisonment.[3]  This appeal followed.   
STANDARD OF REVIEW
In criminal cases, the appellate court sits to review errors of law only.  State v. Wilson, 345 S.C. 1, 5, 545 S.E.2d 827, 829 (2001).  On appeal, we are limited to determining whether the trial judge abused his discretion.  State v. Bowie, 360 S.C. 210, 216, 600 S.E.2d 112, 115 (Ct. App. 2004).  An abuse of discretion occurs when the trial courts ruling is based on an error of law.  State v. Foster, 354 S.C. 614, 621, 582 S.E.2d 426, 429 (2003).  This Court does not reassess the facts based on its own view of the preponderance of the evidence but simply determines whether the trial judges ruling is supported by any evidence.  Wilson, 345 S.C. at 6, 545 S.E.2d at 829.
LAW/ANALYSIS
I.  Admission of Evidence
Dean contends the trial court erred in admitting evidence of uncharged conduct in violation of State v. Lyle[4] and Rules 403 and 404(b), SCRE.  We find this argument is not preserved for our review.
 A ruling in limine is not final; unless an objection is made at the time the evidence is offered and a final ruling procured, the issue is not preserved for review.  State v. Smith, 337 S.C. 27, 32, 522 S.E.2d 598, 600 (1999).  Although Dean moved in limine to exclude any testimony of uncharged conduct, his motion was denied, and he failed to object to the admission of this testimony at the time it was offered.[5]  We find this issue is not preserved for our review.
II.  Sequestration of the Witnesses
Dean contends the trial court erred in refusing to sequester the witnesses against him.  He argues the witnesses should have been sequestered to prevent their collusion in falsely accusing him.  We disagree.
The South Carolina Constitution contains a Victims Bill of Rights which states in pertinent part:  

 To preserve and protect victims rights to justice and due process regardless of race, sex, age, religion, or economic status, victims of crime have the right to:  (3) be informed of and present at any criminal proceedings which are dispositive of the charges where the defendant has the right to be present.

S.C. Const. art. I, § 24.  Section 16-3-1510 of the South Carolina Code (Supp. 2005) includes in its definition of a victim the parents of a minor victim.  Further, a party is not entitled to have witnesses sequestered as a matter of right, and the decision to sequester witnesses is left to the sound discretion of the trial judge.  State v. Tisdale, 338 S.C. 607, 616, 527 S.E.2d 389, 394 (Ct. App. 2000).   
Although Dean was tried in absentia, he certainly had the right to be present.  The trial court found the Victims Bill of Rights granted the victims a right to be present.  Based on the above cited law, we find the trial court did not abuse its discretion in denying Deans motion to sequester the witnesses.
CONCLUSION
We find Deans appeal of the trial courts admission of evidence of uncharged conduct is not preserved for our review, and we find no error in the trial courts denial of Deans motion to sequester the witnesses.  Based on the foregoing, Deans conviction is
AFFIRMED.
HEARN, C.J., BEATTY, and SHORT, JJ., concur.

[1] Tara Hall was described by its director as a home and school for boys who have been abused or neglected or who have emotional and behavioral problems.  
[2] Notably, both Doe and Roe had also alleged that Dean had shown them images of nude men and women having sex. 
[3]  Dean was tried in absentia.  After the verdict was announced, his sentence was sealed by the trial court.  Dean was a fugitive for over three years and was not apprehended until March of 2005.  At this time, his sentence was unsealed.
[4] State v. Lyle, 125 S.C. 406, 118 S.E. 803 (1923).
[5] Notably, Deans counsel not only failed to object to this testimony, but also called further attention to the uncharged conduct by questioning the witnesses on this evidence during cross-examination.  In fact, once the trial court denied his motion in limine, Deans attorney specifically requested that he be allowed to question Roe about his allegations of anal intercourse with Dean.