THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Roger Platt, Appellant.
 
 
 

Appeal From Florence County
 J. Mark Hayes, II, Circuit Court Judge

Unpublished Opinion No. 2007-UP-123
Submitted March 1, 2007  Filed March 15, 2007    

AFFIRMED

 
 
 
 Appellate Defender Eleanor Duffy Cleary, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Norman Mark Rapoport, all of Columbia; and Solicitor Edgar Lewis Clements, III, of Florence, for Respondent.
 
 
 

PER CURIAM: Roger Platt appeals his convictions for armed robbery and possession of a weapon during a crime of violence, arguing the trial court erred by refusing to suppress the victims identification of him.  Specifically, Platt argues the show-up identification was unreliable under the totality of the circumstances.  We affirm.[1] 
FACTS
At 9:30 p.m. on March 9, 2004, Ryan Brown was pumping gas at a service station in Florence County when he was approached by a man who asked, Yo, man, you want some green? Ryan declined the offer and drove away to his friend Jimmy Browns house.  
After arriving at Jimmys house, Ryan invited Jimmy out to his car to see the new TV he had purchased.  When both Ryan and Jimmy were in Ryans car, Ryan stepped outside to take a phone call.  Suddenly, the man who had approached him at the gas station appeared, took Ryans phone, grabbed Ryan by the collar, and announced that Ryan was coming with him.  Ryan pushed the man away and ran to the safety of Jimmys home where he asked someone inside to call the police.  Jimmy, meanwhile, locked himself in the car to remain out of harms way.  
The police arrived shortly.  Ryan described his assailant as a black male who was approximately five foot seven inches tall and between 160 and 170 pounds, wearing blue jeans, a blue shirt with a stripe on it, and a gray toboggan or bandana.  Ryan and Jimmy drove around the area with police, and Ryan recognized a car on the side of the road as the one he had seen his assailant exit at the service station.  However, neither Ryan nor Jimmy could identify the man standing next to the vehicle.  As the victims continued to ride with police, Ryan recognized his assailant walking down the side of the road, but by the time the police cruiser turned around, the man was gone.   
The police set up a perimeter, and Platt was found hiding in the bushes with Ryans cell phone within a few feet of him.  Both Ryan and Jimmy identified Platt as the perpetrator, and according to the officer with whom they spoke, both men were one hundred percent certain of the identification. When Platt was booked, he reported being five feet eight inches tall and 180 pounds.  He was wearing a black shirt with a stripe on it and a toboggan.  Platt also had little braids in his hair, which the victims never reported to the police and which the trial court opined were major physical identifying marks of Platt.  
Prior to trial, Platt made a motion to suppress both Ryans and Jimmys identification of him.  The trial court suppressed Jimmys identification, finding his view of the assailant was obscured because he observed the assailant through the rearview mirror and through the cars heavily tinted windows. However, the trial court refused to suppress Ryans identification, finding that although the show-up identification was unduly suggestive it was nonetheless reliable under the totality of the circumstances.  Despite the trial courts concern regarding Ryans failure to mention Platts braids to police, the court ultimately concluded it would be for the jury to conclude how much weight to give the identification based on that discrepancy.  
The jury found Platt guilty of armed robbery and possession of a weapon during a crime of violence.  The trial court sentenced Platt to concurrent twenty-year terms in prison.  This appeal followed.
STANDARD OF REVIEW
In criminal cases, the appellate court sits to review errors of law only.  State v. Wilson, 345 S.C. 1, 5, 545 S.E.2d 827, 829 (2001).  A trial courts decision to admit an eyewitnesss identification is discretionary and will not be disturbed on appeal absent an abuse of that discretion or the commission of prejudicial legal error.  State v. Brown, 356 S.C. 496, 502, 589 S.E.2d 781, 784 (Ct. App. 2003).
LAW/ANALYSIS
Platt argues the trial court should have suppressed Ryans identification because it was unduly suggestive and unreliable.  While we agree the show-up procedure was unduly suggestive, we find the trial court did not abuse its discretion by concluding the identification was reliable under the totality of the circumstances.  
To determine whether an out-of-court identification is admissible, South Carolina employs the two-prong inquiry developed by the United States Supreme Court in Neil v. Biggers,  409 U.S. 188, 199-201 (1972).  The first prong considers whether the identification process was unduly suggestive.  State v. Brown, 356 S.C. 496, 503, 589 S.E.2d 781, 784 (Ct. App. 2003).  If the identification procedure is deemed suggestive, we then consider the second prong of the analysis: whether a substantial likelihood of irreparable misidentification occurred.  State v. Moore, 343 S.C. 282, 287, 540 S.E.2d 445, 447-48 (2000).  Although one-on-one show ups have been sharply criticized, and are inherently suggestive, the identification need not be excluded as long as under the circumstances the identification was reliable despite the suggestive procedure.  Id. at 287, 540 S.E.2d at 448 (finding show-up procedure unduly suggestive where witness was brought to a location where two individuals wearing similar clothing to that described by the witness were surrounded by uniformed police).  Therefore, the overarching inquiry is whether under the totality of circumstances a substantial likelihood of irreparable misidentification exists.  Id.  
The trial court found the show-up procedure employed by police in this case was unduly suggestive, and the State does not appeal from that ruling.  Thus, our only inquiry is whether, under the totality of the circumstances, the identification was reliable and the opportunity for misidentification was slight.  The factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witnesss degree of attention, the accuracy of the witnesss prior description of the criminal, the level of certainty displayed by the witness at the confrontation, and the length of time between the crime and the confrontation.  State v. Blassingame, 338 S.C. 240, 252, 525 S.E.2d 535, 541 (Ct. App. 1999) (citations omitted).  
Applying these factors to the present case, we find Ryans identification testimony reliable.  Ryan had the opportunity to observe his assailant on two occasions:  once under the fluorescent lights of the service station when the assailant was ten feet away, and once in the well-lit area around Jimmys driveway when the assailant was an arms length away.  As for the degree of Ryans attention, he testified that he was in fear for his life because Platt had a gun pointed at him.  [A] person in fear of his life presumably has a more acute degree of attention to his surroundings than a mere passerby. State v. Johnson, 318 S.C. 372, 375, 458 S.E.2d 49, 51 (Ct. App. 1995).  Furthermore, Ryan was absolutely certain of his identification, which occurred the same evening of the robbery and within a short distance from the scene of the crime.  Although Ryan failed to mention the assailants braids to the police, his description was otherwise remarkably accurate.  The discrepancy regarding Platts hair is not enough to overturn the trial courts ruling regarding reliability.  See State v. Mansfield, 343 S.C. 66, 79-80, 538 S.E.2d 257, 264 (Ct. App. 2000) (finding witnesss description of defendant accurate as a whole despite witnesss memory that the defendant had an Afro and wore boots when actually the defendants hair was in plaits and he wore tennis shoes).
Viewing the totality of the circumstances, we find no error in the admission of Ryans identification.  Accordingly, Platts convictions are
AFFIRMED. 
HEARN, C.J., and GOOLSBY and STILWELL, JJ., concur

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.