545 S.E.2d 827

**The STATE, Petitioner/Respondent,**

v.

**Michael Rochelle WILSON, Respondent/Petitioner.**

No. 25284.

Supreme Court of South Carolina.

Heard March 6, 2001.
Decided April 23, 2001.
Rehearing Denied May 23, 2001.

---

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Robert E. Bogan, and Senior Assistant Attorney General Charles H. Richardson, all of Columbia; and Solicitor C. Kelly Jackson, of Sumter, for petitioner/respondent.

Assistant Appellate Defender Tara S. Taggart, of S.C. Office of Appellate Defense, for respondent/petitioner.

4

MOORE, Justice:

We granted a writ of certiorari to review the Court of Appeals' decision in *State v. Wilson*, 337 S.C. 629, 524 S.E.2d 411 (Ct.App.1999). In a split decision, the Court of Appeals reversed respondent/petitioner's (Defendant's) conviction for possession with intent to distribute crack cocaine on the ground evidence of a prior drug sale was not clear and convincing and should not have been admitted. We reverse.

## FACTS

On August 24, 1995, law enforcement officers knocked on the door of room 220 of the Down Towner Motel in Sumter to execute a search warrant. When there was no response, they used a battering ram to knock down the door. Officers heard the commode flushing as they were attempting to enter. When officers finally broke into the room, they found Defendant and his girlfriend, Mona Lisa Mitchell, along with .78 grams of crack cocaine, baggies, a beer can modified as a smoking device, and $761 in cash. Both Defendant and Mitchell were charged with possession with intent to distribute crack cocaine.

Mitchell pled guilty to simple possession in exchange for her testimony against Defendant. At trial, she testified she was living with Defendant at the Down Towner in August 1995. When officers came to the door, Defendant went into the bathroom and she heard a flushing sound. Over Defendant's objection, Mitchell testified that she had seen Defendant sell drugs to an unidentified woman a couple of days earlier at the Down Towner. Mitchell testified she saw Defendant give the woman a plastic bag with a white rock substance in it in exchange for twenty dollars.

Defendant testified the crack seized from the motel room was not his. He testified he could not see what was in the room when he came in at 4:30 a.m. Mitchell was already sleeping and it was dark. He and Mitchell were still sleeping when officers broke in.

The trial judge submitted both possession with intent to distribute and simple possession to the jury. Defendant was

convicted of possession with intent to distribute and sentenced to twenty-five years with a fine of $50,000.[1]

## ISSUES

1. Did the Court of Appeals apply the proper standard of review?

2. Did the trial judge properly admit the evidence of Defendant's prior drug transaction?

## DISCUSSION

The State contends the Court of Appeals erred in finding the prior drug transaction was not proved by clear and convincing evidence.

The Court of Appeals found Mitchell's uncorroborated testimony did not meet the standard of clear and convincing evidence because she was not a credible witness and her testimony "could just as easily have been made up for personal gain." The dissenter would have held Mitchell's credibility did not determine the admissibility of this evidence but instead was an issue for the jury.

 Under Rule 404(b), SCRE, evidence of other bad acts is admissible to show motive, identity, common scheme or plan, the absence of mistake or accident, or intent. *See also State v. Lyle*, 125 S.C. 406, 118 S.E. 803 (1923). To be admissible, other crimes that are not the subject of conviction must be proved by clear and convincing evidence. *State v. Cutro*, 332 S.C. 100, 504 S.E.2d 324 (1998); *State v. Pierce*, 326 S.C. 176, 485 S.E.2d 913 (1997).

At the heart of this issue is the appropriate standard of review on appeal in determining the admissibility of bad act evidence. The Court of Appeals took a *de novo* approach and found, in its own view of the evidence, the proof of Defendant's prior drug transaction was not clear and convincing. This was error.

 In criminal cases, the appellate court sits to review errors of law only. *State v. Cutter*, 261 S.C. 140, 199 S.E.2d

---

1. Defendant had a prior 1994 conviction for distributing crack.

61 (1973). We are bound by the trial court's factual findings unless they are clearly erroneous. *State v. Quattlebaum,* 338 S.C. 441, 527 S.E.2d 105 (2000). This same standard of review applies to preliminary factual findings in determining the admissibility of certain evidence in criminal cases. For instance, in order for a confession to be admissible, the State must prove a voluntary waiver of the defendant's *Miranda* rights by a preponderance of the evidence. *State v. Rochester,* 301 S.C. 196, 391 S.E.2d 244 (1990). On review, we are limited to determining whether the trial judge abused his discretion. *State v. Reed,* 332 S.C. 35, 503 S.E.2d 747 (1998); *State v. Rochester, supra.* This Court does not re-evaluate the facts based on its own view of the preponderance of the evidence but simply determines whether the trial judge's ruling is supported by any evidence. *See In re: Corey D.,* 339 S.C. 107, 529 S.E.2d 20 (2000) (an abuse of discretion is a conclusion with no reasonable factual support).[2]

■ Similarly, we do not review a trial judge's ruling on the admissibility of other bad acts by determining *de novo* whether the evidence rises to the level of clear and convincing. If there is any evidence to support the admission of the bad act evidence, the trial judge's ruling will not be disturbed on appeal.[3]

■ Applying this standard of review, we hold it was error for the Court of Appeals to base its ruling on Mitchell's

---

2. *See also Kiriakides v. Atlas Food Sys. and Servs., Inc.,* 343 S.C. 587, 541 S.E.2d 257 (2001) (In a case of fraud, which is also an action at law where the proof must be by clear and convincing evidence, the appellate court's scope of review is limited to determining whether there is any evidence reasonably supporting the trial court's finding.)

3. Although we have never articulated this standard of review in the context of bad act evidence, we have in fact applied it on review of such cases. *See, e.g., State v. Pierce,* 326 S.C. 176, 485 S.E.2d 913 (1997) (evidence of prior child abuse inadmissible where there was no evidence defendant inflicted previous injury); *State v. Smith,* 300 S.C. 216, 387 S.E.2d 245 (1989) (evidence of prior murder inadmissible where there was no evidence placing defendant at scene); *State v. Conyers,* 268 S.C. 276, 233 S.E.2d 95 (1977) (evidence of prior poisoning inadmissible where there was no evidence except that defendant was wife of decedent and decedent had life insurance); *see also State v. Cutro,* 504 S.E.2d at 335, n. 4 (evidence of prior infant deaths inadmissible where there was lack of evidence defendant was the perpetrator if there was one).

credibility. Her testimony that she saw Defendant give a woman a plastic bag with a white rock substance in it in exchange for twenty dollars factually supports the admission of this testimony as evidence of a prior drug transaction. Mitchell's credibility was an issue for the jury's consideration.[4]

Defendant claims on cross-appeal that even if Mitchell's testimony was admissible bad act evidence under Rule 404(b), this evidence was not relevant and therefore should not have been admitted. *See State v. Brooks*, 341 S.C. 57, 533 S.E.2d 325 (2000) (there must be logical relevance between bad act and the crime for which defendant is accused); *see also* Rule 402, SCRE.

We have held that evidence of a prior drug transaction is relevant on the issue of intent when the defendant has been charged with possession of a controlled substance with intent to distribute. *State v. Gore*, 299 S.C. 368, 384 S.E.2d 750 (1989). In *Gore,* the prior sale occurred one month before the charged offense; here, the prior sale was only "a couple days" earlier. Under *Gore,* this evidence is relevant on the issue of intent.

Defendant further contends Mitchell's testimony should be excluded because its probative value was outweighed by its prejudicial effect.

Evidence of other crimes, even if logically relevant to prove intent, is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice to the defendant. *State v. Brooks, supra; see also* Rule 403, SCRE. The determination of prejudice must be based on the entire record and the result will generally turn on the facts of each case. *State v. Brooks, supra.* Evidence is unfairly prejudicial if it has an undue tendency to suggest a decision on an improper basis, such as an emotional one. *State v. Alexander,* 303 S.C. 377, 382, 401 S.E.2d 146 (1991).

Here, the amount of crack seized was less than one gram and the element of intent was not subject to the statutory prima facie showing. *See* S.C.Code Ann. § 44–53–375(B)

---

4. Mitchell admitted she had pled guilty to a lesser offense in exchange for her testimony and that she had a prior conviction for twelve counts of passing worthless checks.

8

(Supp.2000) (prima facie evidence of intent to distribute crack cocaine if one or more grams). The State argued the number of baggies found in the motel room, the amount of cash, and the evidence of flushing indicated a larger amount was present before officers entered the room. The State also relied on testimony that Defendant himself did not smoke crack to argue the crack in Defendant's possession was not for personal use but for distribution.

In light of the State's reliance on circumstantial evidence to prove intent, the evidence of a prior drug transaction only two days earlier at the same location was especially probative. Further, its probative value was not substantially outweighed by the danger of suggesting a decision on an emotional or other improper basis. We find the trial judge did not abuse his discretion in admitting this evidence. Accordingly, we reverse the Court of Appeals' decision and reinstate Defendant's conviction.

**REVERSED.**

TOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., concur.