THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Timothy Harms,       
Appellant.
 
 
 

Appeal From Lexington County
Marc H. Westbrook, Circuit Court Judge

Unpublished Opinion No. 2003-UP-172
Submitted January 10, 2003  Filed March 4, 2003 

AFFIRMED

 
 
 
Chief Attorney Daniel T. Stacey, of Columbia; for Appellant.
Attorney General Henry Dargan McMaster; Chief Deputy Attorney 
 General John W. McIntosh; Assistant Deputy Attorney General Charles H. Richardson; 
 Senior Assistant Attorney General Norman M. Rapoport, of Columbia; and Solicitor 
 Donald V. Myers, of Lexington; for Respondent.
 
 
 

PER CURIAM:  Timothy Harms was indicted for driving 
 under the influence, fourth offense or more; driving under suspension, third 
 offense or more; and habitual offender.  He was convicted and sentenced to five 
 years for DUI, three years for DUS, and five years for habitual offender, with 
 all sentences running concurrently.  Harms appeals, arguing the trial court 
 erred in admitting a statement he made to a trooper who picked him up from the 
 emergency room after the accident.  We affirm [1] pursuant to Rule 220(c) and the 
 following authorities:  State. v. Wilson, 345 S.C. 1, 6, 545 S.E.2d 827, 
 829 (2001) (This Court does not re-evaluate the facts based on its own view 
 of the preponderance of the evidence but simply determines whether the trial 
 judges ruling is supported by any evidence.); State. v.  Von Dohlen, 
 322 S.C. 234, 243, 471 S.E.2d 689, 694 (1996) (stating that the test for determining 
 the admissibility of a statement is whether it was knowingly, intelligently, 
 and voluntarily given under the totality of the circumstances); State v. 
 White, 311 S.C. 289, 294-295, 428 S.E. 2d 740, 743 (Ct. App. 1993) (holding 
 the fact that defendant had been administered sodium pentothal and was strapped 
 to his bed was only a circumstance the trial court had to consider in determining 
 voluntariness). 
AFFIRMED.
HEARN, C.J., GOOLSBY and SHULER, JJ., concur.   
 

 
 [1] We affirm this case without oral argument pursuant 
 to Rule 215, SCACR.