THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR
 RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
 SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Randy B.
 Thomas, Appellant.
 
 
 

Appeal From Richland County
 James W. Johnson, Jr., Circuit Court
Judge

Unpublished Opinion No. 2009-UP-437
 Heard May 27, 2009  Filed September 10,
2009   

AFFIRMED

 
 
 
 Deputy Chief Appellate Defender for Capital Appeals Robert M.
 Dudek, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant
 Attorney General William M. Blitch, Jr., and Solicitor Warren Blair Giese, all
 of Columbia, for Respondent.
 
 
 

PER CURIAM:  Randy Thomas appeals his convictions of
 first-degree criminal sexual conduct (CSC), assault and battery of a high and
 aggravated nature (ABHAN), and two counts of kidnapping, asserting the circuit
 court erred in admitting evidence of a previous, alleged, and un-charged CSC
 under the motive, intent, or common scheme or plan exceptions to Rule 404(b),
 SCRE.  Thomas also contends the circuit court erred in finding the State had
 satisfied its requirement of proving chain of custody with respect to certain
 evidence admitted at trial, and in denying his right of confrontation under the
 Sixth Amendment of the United States Constitution.  We affirm pursuant to Rule
 220(b)(1), SCACR, and the following authorities:
1. Based
 on the supreme court's recent opinion in State v. Wallace, we affirm the
 circuit court's admission of prior bad acts evidence under Rule 404(b).  Op.
 No. 26703 (S.C. Sup. Ct. Aug. 17, 2009) (Shearouse Adv. Sh. No. 37 at 18) (stating
 a close degree of factual similarity between the alleged bad acts and crime
 charged is sufficient to admit the evidence under the common scheme or plan
 exception to the general rule under Rule 404(b) and State v. Lyle, 125
 S.C. 406, 11 S.E. 803 (1923)).  We find the allegations against Thomas were
 proven by clear and convincing evidence, and that the evidence is relevant.  See State v. Wilson, 345 S.C. 1, 545 S.E.2d 827 (2001); see also Rule
 401, SCRE.  Additionally, we find the non-exhaustive list of factors to
 consider in determining whether there is a close degree of similarity between
 the bad act and the crime charged leads to our affirmance of the circuit court.
  Wallace, (Shearouse Adv. Sh. No. 37 at 22) (listing the factors to
 consider:  (1) the age of the victims when the abuse occurred; (2) the
 relationship between the victims and the perpetrator; (3) the location where
 the abuse occurred; (4) the use of coercion or threats; and (5) the manner of
 the occurrence, for example, the type of sexual battery).  Furthermore, we find
 the probative value of victim's testimony substantially outweighs the danger of
 unfair prejudice.  See Rule 403, SCRE.
 2.  We
 find any violation of the chain of custody requirement in the admission of the
 DNA evidence to be irrelevant and harmless to the outcome of the verdict, as
 Thomas himself testified that he had consensual sex with the victim in the
 vicinity of the items which produced the DNA.  Sligh v. Johnson, 288
 S.C. 364, 367, 342 S.E.2d 620, 622 (Ct. App. 1986) (finding any error in the
 admission of evidence through a defective chain of custody is harmless when it
 is merely cumulative to other evidence properly admitted).  We additionally
 find any error in the admission of the investigative report to be harmless as
 cumulative to the photographs and testimony otherwise admitted without
 objection.  See State v. Holder, 382 S.C. 278, 285, 676 S.E.2d
 690, 694 (2009) ("Violations of the Confrontation Clause are subject to a harmless error analysis. . . . A Confrontation Clause error is harmless
 if the evidence is overwhelming and the violation so insignificant by
 comparison that we are persuaded, beyond a reasonable doubt, that the violation
 did not affect the verdict. . . . Considerations include the importance of the
 witness's testimony, whether the testimony was cumulative, the presence or
 absence of evidence corroborating or contradicting the testimony of the witness
 on material points, the extent of cross-examination otherwise permitted, and
 the overall strength of the prosecution's case."); State v. Gaines,
 380 S.C. 23, 29, 667 S.E.2d 728, 731 (2008) (stating error in the admission of
 evidence is harmless when it is cumulative to other evidence that was properly
 admitted). 
Accordingly, the
 circuit court is
AFFIRMED.
HEARN, C.J.,
 THOMAS, J., and KONDUROS, J., concur.