**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

John Henry Lowery, II, Appellant.

Appellate Case No. 2014-002653

———————

Appeal From Chester County
R. Knox McMahon, Circuit Court Judge

———————

Unpublished Opinion No. 2017-UP-023
Submitted November 1, 2016 – Filed January 11, 2017

———————

**AFFIRMED**

———————

Appellate Defender John Harrison Strom, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General William M. Blitch, Jr., both of Columbia; and Solicitor Randy E. Newman, Jr., of Lancaster, all for Respondent.

———————

**PER CURIAM:** John Henry Lowery, II appeals his conviction of first-degree criminal sexual conduct with a minor, for which the trial court sentenced him to thirty years' imprisonment. On appeal, Lowery argues the trial court erred by (1)

qualifying a psychiatrist as a forensic interview expert, (2) admitting into evidence a doctor's report purportedly containing statements not made for the purpose of medical diagnosis, and (3) qualifying a witness as an expert sexual assault nurse examiner (SANE) even though the witness had not completed a SANE certification when she examined the minor.  We affirm.[1]

1.  The trial court's qualification of the psychiatrist as a forensic interview expert was an error.  *See State v. Wilson*, 345 S.C. 1, 5, 545 S.E.2d 827, 829 (2001) ("In criminal cases, the appellate court sits to review errors of law only."); *State v. Kromah*, 401 S.C. 340, 349, 737 S.E.2d 490, 494-95 (2013) ("The admission or exclusion of evidence is a matter addressed to the sound discretion of the trial court and its ruling will not be disturbed in the absence of a manifest abuse of discretion accompanied by probable prejudice." (quoting *State v. Douglas*, 369 S.C. 424, 429, 632 S.E.2d 845, 847-48 (2006))); *State v. Chavis*, 412 S.C. 101, 106, 771 S.E.2d 336, 338 (2015) ("The qualification of an expert witness and the admissibility of the expert's testimony are matters within the trial court's sound discretion.  A trial court's decision to admit or exclude expert testimony will not be reversed absent a prejudicial abuse of discretion." (citation omitted)); *State v. Stokes*, 381 S.C. 390, 398, 673 S.E.2d 434, 438 (2009) ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); *State v. Anderson*, 413 S.C. 212, 219, 776 S.E.2d 76, 79 (2015) (concluding a trial court's qualification of a witness as an expert in forensic interviewing was an error because South Carolina courts do not recognize this type of expertise).  However, considering the entire record in this case, including both testimony and physical evidence, the error was harmless.  *See Kromah*, 401 S.C. at 362, 737 S.E.2d at 501 ("Based [up]on the entire record, including the physical evidence documented in this case, the challenged testimony could not reasonably have affected the result of the trial, so any error in its admission was harmless beyond a reasonable doubt."); *id.* at 360, 737 S.E.2d at 501 ("An appellate court generally will decline to set aside a conviction due to insubstantial errors not affecting the result.").

2.  Lowery waived any argument he previously raised regarding the admission of the doctor's report because, at trial, he consented to the admission of the redacted report and agreed the report was subject to the Rule 803(4), SCRE, hearsay exception.  *See State v. Bryant*, 372 S.C. 305, 315-16, 642 S.E.2d 582, 588 (2007) (holding an issue conceded at trial may not be argued on appeal).

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

3.  The trial court did not abuse its discretion in qualifying a witness as an expert sexual assault nurse examiner.  *See Chavis*, 412 S.C. at 106, 771 S.E.2d at 338 ("A trial court's decision to admit or exclude expert testimony will not be reversed absent a prejudicial abuse of discretion."); *State v. Martin*, 391 S.C. 508, 513, 706 S.E.2d 40, 42 (Ct. App. 2011) (noting that "[b]efore a witness is qualified as an expert, the trial court must find . . . the expert *possesses*[, at the time of testifying,] the requisite knowledge, skill, experience, training, or education" (emphasis added)); Rule 702, SCRE ("[A] witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion . . . .").

**AFFIRMED.**

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**