**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Damyon Cotton, Appellant.

Appellate Case No. 2014-000395

———————

Appeal From Darlington County
J. Michael Baxley, Circuit Court Judge

———————

Unpublished Opinion No. 2017-UP-356
Submitted March 3, 2017 – Filed September 6, 2017

———————

**AFFIRMED**

———————

Lesley Anne Firestone, of Moore & Van Allen, PLLC, of Charleston, and Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Vann Henry Gunter, Jr., both of Columbia; and Solicitor William Benjamin Rogers, Jr., of Bennettsville, for Respondent.

———————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The

admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *id.* ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); Rule 401, SCRE ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."); Rule 404(b), SCRE ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible to show . . . the existence of a common scheme or plan. . . ."); *State v. Tutton*, 354 S.C. 319, 325, 580 S.E.2d 186, 189 (Ct. App. 2003) ("To be admissible, a prior bad act must first be established by clear and convincing evidence."); *State v. Wilson*, 345 S.C. 1, 6, 545 S.E.2d 827, 829 (2001) (noting this court is "bound by the trial court's factual findings unless they are clearly erroneous"); *id.* ("This [c]ourt does not re-evaluate the facts based on its own view of the preponderance of the evidence but simply determines whether the trial judge's ruling is supported by any evidence."); *State v. Wallace*, 384 S.C. 428, 433, 683 S.E.2d 275, 277-78 (2009) ("When determining whether evidence is admissible as common scheme or plan, the trial court must analyze the similarities and dissimilarities between the crime charged and the bad act evidence to determine whether there is a close degree of similarity."); *id.* at 433, 683 S.E.2d at 278 ("When the similarities outweigh the dissimilarities, the bad act evidence is admissible under Rule 404(b)."); *id.* at 433-34, 683 S.E.2d at 278 (stating the factors a court should consider in weighing the similarities and dissimilarities between a prior bad act and the crime charged are "(1) the age of the victims when the abuse occurred; (2) the relationship between the victims and the perpetrator; (3) the location where the abuse occurred; (4) the use of coercion or threats; and (5) the manner of the occurrence, for example, the type of sexual battery."); *id.* ("[T]hese factors are set out merely for guidance and . . . other factors may be relevant in weighing the similarities and the dissimilarities between the crime charged and the bad act evidence."); *id.* ("A close degree of similarity establishes the required connection between the two acts and no further 'connection' must be shown for admissibility."); *Wilson*, 345 S.C. at 7, 545 S.E.2d at 830 ("Evidence of other crimes . . . is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice to the defendant."); *id.* ("The determination of prejudice must be based on the entire record and the result will generally turn on the facts of each case."); *id.* ("Evidence is unfairly prejudicial if it has an undue tendency to suggest a decision on an improper basis, such as an emotional one.").

**AFFIRMED.**

**LOCKEMY, C.J., and HUFF and THOMAS, JJ., concur.**