**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Charles Winston, Jr., Appellant.

Appellate Case No. 2016-001029

Appeal From Calhoun County
Maité Murphy, Circuit Court Judge

Unpublished Opinion No. 2018-UP-198
Submitted April 1, 2018 – Filed May 9, 2018

**AFFIRMED**

Appellate Defender Kathrine Haggard Hudgins, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Vann Henry Gunter, Jr., both of
Columbia; and Solicitor David Michael Pascoe, Jr., of
Orangeburg, all for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following
authorities: S.C. Code Ann. § 17-24-20(A) (2014) ("A defendant is guilty but

mentally ill if, at the time of the commission of the act constituting the offense, he had the capacity to distinguish right from wrong or to recognize his act as being wrong . . . but because of mental disease or defect he lacked sufficient capacity to conform his conduct to the requirements of the law."); S.C. Code Ann. § 17-24-20(B) (2014) ("To return a verdict of 'guilty but mentally ill' . . . the burden of proof is upon the defendant to prove by a preponderance of evidence that when he committed the crime he was mentally ill . . . ."); *State v. White*, 372 S.C. 364, 373, 642 S.E.2d 607, 611 (Ct. App. 2007) ("On appeal, we are limited to determining whether the trial [court] abused [its] discretion."), *aff'd in result*, 382 S.C. 265, 676 S.E.2d 684 (2009); *id.* ("An abuse of discretion occurs when the ruling is based on an error of law or a factual conclusion that is without evidentiary support."); *State v. Wilson*, 345 S.C. 1, 6, 545 S.E.2d 827, 829 (2001) ("[The appellate court] does not re-evaluate the facts based on its own view of the preponderance of the evidence but simply determines whether the trial [court]'s ruling is supported by any evidence."); *State v. Tutton*, 354 S.C. 319, 325-26, 580 S.E.2d 186, 190 (Ct. App. 2003) ("The determination of a witness's credibility must be left to the trial [court that] saw and heard the witness and is therefore in a better position to evaluate his or her veracity.").

**AFFIRMED.**[1]

**HUFF, GEATHERS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.