**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Douglas Kelly Phillips, Appellant.

Appellate Case No. 2016-001875

———————

Appeal From Pickens County
Thomas A. Russo, Circuit Court Judge

———————

Unpublished Opinion No. 2019-UP-016
Submitted November 1, 2018 – Filed January 9, 2019

———————

**AFFIRMED**

———————

Chief Appellate Defender Robert Michael Dudek, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General William Frederick Schumacher, IV,
both of Columbia; and Solicitor William Walter Wilkins,
III, of Greenville, all for Respondent.

———————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following
authorities: *State v. Wilson*, 345 S.C. 1, 5, 545 S.E.2d 827, 829 (2001) ("In
criminal cases, the appellate court sits to review errors of law only."); *State v.*

*Kirton*, 381 S.C. 7, 22, 671 S.E.2d 107, 114 (Ct. App. 2008) ("This court is bound by the trial court's factual findings unless they are clearly erroneous." (quoting *State v. Preslar*, 364 S.C. 466, 472, 613 S.E.2d 381, 384 (Ct. App. 2005))); *id.* at 23, 671 S.E.2d at 114 ("The appellate court does not re-evaluate the facts based on its own view of the evidence but simply determines whether the trial [court's] ruling is supported by any evidence."); *id.* ("The admission or exclusion of evidence is left to the sound discretion of the trial [court], whose decision will not be reversed on appeal absent an abuse of discretion." (quoting *State v. Saltz*, 346 S.C. 114, 121, 551 S.E.2d 240, 244 (2001))); *id.* at 24, 671 S.E.2d at 115 ("The trial [court] has considerable latitude in ruling on the admissibility of evidence[,] and [its] decision should not be disturbed absent prejudicial abuse of discretion."); *id.* at 36-37, 671 S.E.2d at 122 (affirming the trial court's decision to admit a minor victim's testimony about the defendant's uncharged prior bad acts involving the minor victim, when the defendant's "prior abuse of the minor victim was 'clearly part of an overall plan or scheme devised by him to perpetuate the type of misconduct that occurred'" (quoting *State v. Tutton*, 354 S.C. 319, 330, 580 S.E.2d 186, 192 (Ct. App. 2003))).

**AFFIRMED.**[1]

**KONDUROS, MCDONALD, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.