**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Julius Rooks-McBean, Appellant.

Appellate Case No. 2016-001152

---

Appeal From Beaufort County
Roger L. Couch, Circuit Court Judge

---

Unpublished Opinion No. 2019-UP-095
Heard February 5, 2019 – Filed February 20, 2019

---

**AFFIRMED**

---

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General John Benjamin Aplin, both of Columbia, for Respondent.

---

**PER CURIAM:**  Julius Rooks-McBean appeals his convictions of attempted armed robbery, assault and battery with intent to kill, and possession of a weapon during the commission of a violent crime.  Rooks-McBean argues the trial court erred in allowing witness testimony identifying him as the "New York guy."  We

affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Wilson*, 345 S.C. 1, 5, 545 S.E.2d 827, 829 (2001) ("In criminal cases, the appellate court sits to review errors of law only."); *id.* at 6, 545 S.E.2d at 829 (holding the appellate court is bound by the trial court's factual findings unless they are clearly erroneous); *State v. Clasby*, 385 S.C. 148, 154, 682 S.E.2d 892, 895 (2009) ("The trial [court] has considerable latitude in ruling on the admissibility of evidence and [its] decision should not be disturbed absent prejudicial abuse of discretion."); Rule 402, SCRE ("All relevant evidence is admissible . . . ."); Rule 401, SCRE ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."); *State v. Pagan*, 369 S.C. 201, 210, 631 S.E.2d 262, 266 (2006) (quoting *State v. Stroman*, 281 S.C. 508, 510, 316 S.E.2d 395, 397 (1984)) ("Corroborative testimony is testimony which tends to strengthen, confirm, or make more certain the testimony of another witness."); *id.* ("Evidence is admissible to corroborate the testimony of a previous witness, and whether it in fact corroborates the witness' testimony is a question for the jury.").

**AFFIRMED.**

**LOCKEMY, C.J, and SHORT and MCDONALD, JJ., concur.**

.