**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Wayne Couey, Jr., Appellant.

Appellate Case No. 2017-000709

———————

Appeal From Spartanburg County
R. Keith Kelly, Circuit Court Judge

———————

Unpublished Opinion No. 2019-UP-380
Submitted October 1, 2019 – Filed December 11, 2019

———————

**AFFIRMED**

———————

Appellate Defender Taylor Davis Gilliam, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, and Senior Assistant Deputy Attorney General William M. Blitch, Jr., all of Columbia; and Solicitor Barry Joe Barnette, of Spartanburg, all for Respondent.

———————

**PER CURIAM:** Wayne Couey, Jr. appeals his conviction for failure to register as a sex offender, second offense, and sentence of 366 days' imprisonment. On

appeal, Couey argues the trial court erred in denying his motion for a directed verdict because the State failed to produce evidence of a prior conviction for failure to register. Because a prior conviction is not an element of the offense and because Couey testified at trial he was previously convicted for failure to register as a sex offender, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: S.C. Code Ann. § 23-3-470(A) (Supp. 2019) ("It is the duty of the offender to contact the sheriff in order to register . . . . If an offender fails to register, provide notification of change of address, or notification of permanent or temporary change in employment . . . he must be punished as provided in subsection (B)."); S.C. Code Ann. § 23-3-470(B)(2) (Supp. 2019) ("A person convicted for a second offense is guilty of a misdemeanor and must be imprisoned for a mandatory period of three hundred sixty-six days . . . ."); *State v. Wilson*, 345 S.C. 1, 5, 545 S.E.2d 827, 829 (2001) ("In criminal cases, the appellate court sits to review errors of law only."); *State v. Weston*, 367 S.C. 279, 292-93, 625 S.E.2d 641, 648 (2006) ("If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, the appellate court must find the case was properly submitted to the jury."); *State v. Nix*, 288 S.C. 492, 496, 343 S.E.2d 627, 629 (Ct. App. 1986) ("[U]nless there is a total failure of evidence tending to establish the charge laid in the indictment, the trial [court's] ruling upon a motion for a directed verdict of acquittal must stand absent an error of law.").

**AFFIRMED.**[1]

**HUFF, WILLIAMS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.