**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Bobby Leon Smith, Appellant.

Appellate Case No. 2018-000541

Appeal From Greenville County
Robin B. Stilwell, Circuit Court Judge

Unpublished Opinion No. 2020-UP-086
Submitted February 1, 2020 – Filed March 25, 2020

**VACATED IN PART**

Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, both of Columbia, and Solicitor William Walter Wilkins, III, of Greenville, all for Respondent.

**PER CURIAM:** Bobby Leon Smith appeals his convictions and sentences of life without parole for armed robbery, a concurrent fifteen years' imprisonment for accessory after the fact, and a concurrent five years' imprisonment for possession

of a weapon during the commission of a violent crime.  On appeal, Smith argues the trial court erred in sentencing him to five years' imprisonment for possession of a weapon during the commission of a violent crime after sentencing him to life without parole for armed robbery.  The State concedes the possession of a weapon during the commission of a violent crime sentence is improper.

Because the trial court sentenced Smith to five years' imprisonment for possession of a weapon during the commission of violent crime after sentencing him to life imprisonment without parole for armed robbery, we vacate the five-year sentence pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Vick*, 384 S.C. 189, 197, 682 S.E.2d 275, 279 (Ct. App. 2009) ("In criminal cases, an appellate court sits to review errors of law only.  [This court is] bound by the trial court's factual findings unless they are clearly erroneous." (quoting *State v. Wilson*, 345 S.C. 1, 5-6, 545 S.E.2d 827, 829 (2001))); *State v. Sidell*, 262 S.C. 397, 398, 205 S.E.2d 2, 3 (1974) (stating the trial court has broad discretion when sentencing a defendant within statutory limits); *Clark v. Cantrell*, 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000) ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support."); S.C. Code Ann. § 16-23-490(A) (2015) ("If a person is in possession of a firearm or visibly displays what appears to be a firearm or visibly displays a knife during the commission of a violent crime and is convicted of committing or attempting to commit a violent crime as defined in Section 16-1-60 [of the South Carolina Code (Supp. 2019)], he must be imprisoned five years, in addition to the punishment provided for the principal crime.  *This five-year sentence does not apply in cases where the death penalty or a life sentence without parole is imposed for the violent crime*." (emphasis added)); *State v. Owens*, 346 S.C. 637, 666, 552 S.E.2d 745, 760 (2001) ("Section 16-23-490(A) expressly provides the mandatory five[-]year sentence for possession of a firearm during the commission of a violent crime shall not be imposed when the defendant is sentenced to death or to life without parole for the violent crime."), *overruled on other grounds by State v. Gentry*, 363 S.C. 93, 610 S.E.2d 494 (2005); *State v. Sledge*, 428 S.C. 40, 59, 832 S.E.2d 633, 644 (Ct. App. 2019) (vacating the defendant's sentence for possession of a weapon during the commission of a violent crime because the trial court sentenced him to a life sentence for murder); *State v. Palmer*, 415 S.C. 502, 525, 783 S.E.2d 823, 835 (Ct. App. 2016) (vacating the defendant's five-year sentence for possession of a weapon during the commission of a violent crime after finding it inapplicable due to the trial court sentencing him to life without parole for the violent crime).

**VACATED IN PART.**[1]

**LOCKEMY, C.J., and GEATHERS and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.