# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

The State, Appellant,

v.

Jason Skyler Israel Pogue, Respondent.

Appellate Case No. 2017-000890

Appeal From Greenville County
Edward W. Miller, Circuit Court Judge

Opinion No. 5720
Submitted March 2, 2020 – Filed April 29, 2020

## REVERSED AND REMANDED

Attorney General Alan McCrory Wilson and Senior
Assistant Deputy Attorney General William M. Blitch,
Jr., both of Columbia, for Appellant.

Chief Appellate Defender Robert Michael Dudek, of
Columbia, for Respondent.

**THOMAS, J.:**  The State appealed Jason Skylar Israel Pogue's sentence following his guilty plea to four counts of third degree sexual exploitation of a minor and one count of second degree exploitation of a minor.[1]  We reverse and remand for resentencing.

---

[1] The only conviction relevant to this appeal is the one count of second degree exploitation of a minor.

**FACTS**

In 2015, Pogue was downloading and sharing child pornography. After an investigation and a forensic examination of his computer, investigators found fifty sexually-explicit videos and dozens of still photos, including videos and photographs of female children as young as four years old being orally and vaginally raped.

At the time of sentencing, Pogue was thirty-three years old, had no prior record, and had suffered health issues for twelve years. On April 6, 2017, the circuit court sentenced Pogue to ten years' imprisonment, suspended to four years of home detention and five years of probation, and inpatient treatment at Overcomers, a treatment facility at Miracle Hill Ministries. The State objected, arguing the home detention program was not valid for a conviction of second-degree exploitation of a minor. The court overruled the objection. This appeal follows.

**STANDARD OF REVIEW**

"In criminal cases, the appellate court sits to review errors of law only." *State v. Wilson*, 345 S.C. 1, 5, 545 S.E.2d 827, 829 (2001). A sentence will not be overturned absent an abuse of discretion; an abuse of discretion occurs "when the ruling is based on an error of law or a factual conclusion without evidentiary support." *In re M.B.H.*, 387 S.C. 323, 326, 692 S.E.2d 541, 542 (2010).

**LAW/ANALYSIS**

The State argues the circuit court erred in sentencing Pogue to home detention. We agree.

Pogue pled guilty to one count of sexual exploitation of a minor in the second degree under section 16-15-405 of the South Carolina Code. Section 16-15-405 mandates in part:

> (D) A person who violates the provisions of this section is guilty of a felony and, upon conviction, *must be imprisoned not less than two years* nor more than ten years. *No part of the minimum sentence may be*

> *suspended* nor is the individual convicted eligible for
> parole until he has served the minimum sentence.

S.C. Code Ann. § 16-15-405 (2015) (emphasis added).  Under South Carolina Code Section 16-1-60, second degree sexual exploitation of a minor is classified as a violent crime.  S.C. Code Ann. § 16-1-60 (Supp. 2019).  As to home detention, South Carolina Code Section 24-13-1530 states in relevant part:  "*Notwithstanding another provision of law which requires mandatory incarceration*, electronic and nonelectronic home detention programs may be used as an alternative to incarceration for low risk, *nonviolent* adult and juvenile offenders as selected by the court if there is a home detention program available in the jurisdiction."  S.C. Code Ann. § 24-13-1530(A) (2007) (emphasis added).  In *State v. Simpson*, 429 S.C. 83, 91-92, 837 S.E.2d 669, 673 (Ct. App. 2020), this court reversed the home detention sentence of a defendant who pled guilty to four counts of second degree sexual exploitation of a minor, finding the statutory scheme did not authorize home detention for offenses classified as "violent."[2]

Under *Simpson* and the statutory scheme, we find the home detention program applies only to nonviolent offenders and second degree sexual exploitation of a minor is defined as a violent crime by statute.  *Compare* § 16-1-60 (defining violent crimes) *with* § 16-1-70 (2015) (defining nonviolent crimes as "all offenses not specifically enumerated in Section 16-1-60").  Accordingly, we reverse and remand for a new sentencing hearing.

**REVERSED AND REMANDED.**[3]

**HUFF and MCDONALD, JJ., concur.**

---

[2] Unlike in *Simpson*, Pogue has not yet completed the home detention portion of his sentence; thus, we need not address mootness.  *Simpson*, 429 S.C. at 89, 837 S.E.2d at 672 (finding "the question of Simpson's own sentence moot due to his completion of the determinate home detention portion of the sentence").

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.