**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Joshua Jeter, Appellant.

Appellate Case No. 2022-000311

Appeal From Spartanburg County
Letitia H. Verdin, Circuit Court Judge

Unpublished Opinion No. 2024-UP-149
Submitted March 1, 2024 – Filed May 1, 2024

**AFFIRMED**

Elizabeth Anne Franklin-Best, of Elizabeth Franklin-Best, P.C., of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Deputy Attorney General Donald J. Zelenka, both of Columbia; and Solicitor Barry Joe Barnette, of Spartanburg, all for Respondent.

**PER CURIAM:** Joshua Jeter appeals his sentence of fifty years' imprisonment. On appeal, Jeter argues the resentencing court (1) failed to perform a proper *Aiken*

*v. Byars*[1] inquiry; and (2) assumed facts with no evidentiary basis. We affirm pursuant to Rule 220(b), SCACR.

1. We find the resentencing court did not abuse its discretion by sentencing Jeter to fifty years' incarceration because it properly considered the mitigating factors of youth. *See State v. Finley*, 427 S.C. 419, 423, 831 S.E.2d 158, 160 (Ct. App. 2019) ("When considering whether a sentence violates the Eighth Amendment's prohibition on cruel and unusual punishments, the appellate court's standard of review extends only to the correction of errors of law. Therefore, this court will not disturb the circuit court's findings absent a manifest abuse of discretion." (citations omitted)); *id.* ("An abuse of discretion occurs when the circuit court's finding is based on an error of law or grounded in factual conclusions without evidentiary support."); *Aiken*, 410 S.C. at 544, 765 S.E.2d at 577 (holding a "juvenile offender who receives a sentence of life without the possibility of parole is . . . entitled to resentencing to allow the inmates to present evidence specific to their attributes of youth and allow the judge to consider such evidence in the light of its constitutional weight"); *id.* ("[T]he factors a sentencing court consider at a hearing must include: (1) the chronological age of the offender and the hallmark features of youth, including 'immaturity, impetuosity, and failure to appreciate the risks and consequence'; (2) the 'family and home environment' that surrounded the offender; (3) the circumstances of the homicide offense, including the extent of the offender's participation in the conduct and how familial and peer pressures may have affected him; (4) the 'incompetencies associated with youth—for example, [the offender's] inability to deal with police officers or prosecutors (including on a plea agreement) or [the offender's] incapacity to assist his own attorneys'; and (5) the 'possibility of rehabilitation.'" (alterations in original)). Although the court's order was succinct, it demonstrates the court fully considered the *Aiken* factors in Jeter's case, describing his background, the circumstances of the offense, and Jeter's actions since the offense took place. Further, the State and Jeter both produced evidence as to the *Aiken* factors, which the court took under advisement before issuing its ruling. *See State v. Smart*, 439 S.C. 641, 645-46, 889 S.E.2d 573, 575-76 (2023) (holding a review of the record demonstrated that the resentencing court had sufficiently "consider[ed] all the evidence and arguments presented at the resentencing hearing"); *State v. Mack*, 441 S.C. 526, 544, 894 S.E.2d 820, 830 (Ct. App. 2023), *cert. pending* (holding that applying the *Aiken* factors to an appellant is "a specific and individualized inquiry").

---

[1] 410 S.C. 534, 765 S.E.2d 572 (2014).

2. We find there is evidence to support the resentencing court's factual findings. *See State v. Green*, 440 S.C. 292, 300, 890 S.E.2d 761, 765 (2023) ("In criminal cases, this [c]ourt sits to review errors of law only and is 'bound by the trial court's factual findings unless they are clearly erroneous.'" (quoting *State v. Wilson*, 345 S.C. 1, 5-6, 545 S.E.2d 827, 829 (2001))); *State v. Shuler*, 344 S.C. 604, 620, 545 S.E.2d 805, 813 (2001) ("A finding is clearly erroneous if it is not supported by the record."). Contrary to Jeter's contention that the resentencing court "downplay[ed]" Jeter's childhood, the resentencing court concluded Jeter's home life was "not structured" and that his father was not present, which was supported by expert testimony indicating Jeter moved often as a child and was raised by his mother after his parents' divorce. There is also evidence to support the resentencing court's finding that Jeter failed to "fully take[] responsibility for his role in the murder" despite Jeter's argument that he had consistently taken full responsibility. Although Jeter minimized his involvement and claimed he was "merely present" during the shooting, he also admitted to wearing a mask and carrying a gun during the incident. Further, the court heard evidence that prior to his original trial, Jeter made phone calls and encouraged his family to submit any gun to the State to prove his gun had not shot the victim, which Jeter denied at the resentencing hearing.

**AFFIRMED.**[2]

**WILLIAMS, C.J., KONDUROS, J., and LOCKEMY, A.J., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.