**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Antonio Anderson, Appellant.

Appellate Case No. 2023-001257

———————————

Appeal From Marlboro County
Paul M. Burch, Circuit Court Judge

———————————

Unpublished Opinion No. 2025-UP-393
Submitted November 1, 2025 – Filed November 26, 2025

———————————

**AFFIRMED**

———————————

Appellate Defender Jessica M. Saxon, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Brian Hollis Gibbs, both of Columbia; and Solicitor William Benjamin Rogers, Jr., of Bennettsville, all for Respondent.

———————————

**PER CURIAM:** Antonio Anderson appeals his convictions for voluntary manslaughter and possession of a weapon during the commission of a violent crime and his concurrent sentences of twenty-one years' imprisonment and five

years' imprisonment. On appeal, Anderson argues the trial court abused its discretion by not instructing the jury on self-defense. We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not abuse its discretion because the record contains no evidence Anderson had no probable means of escape other than to shoot the victim. Here, viewing the evidence in the light most favorable to Anderson, we find the record showed that Anderson had multiple opportunities to escape the fatal confrontation—he could have driven away on three separate occasions, which he admitted at trial, or he could have walked through the open parking lot where no one and nothing blocked his path. *See State v. Wilson*, 345 S.C. 1, 5, 545 S.E.2d 827, 829 (2001) ("In criminal cases, the appellate court sits to review errors of law only."); *id.* at 6, 545 S.E.2d at 829 ("[The appellate court is] bound by the trial court's factual findings unless they are clearly erroneous."); *State v. Gaines*, 380 S.C. 23, 31, 667 S.E.2d 728, 732 (2008) ("To warrant reversal, a trial court's refusal to give a requested jury charge must be both erroneous and prejudicial to the defendant."); *State v. Williams*, 400 S.C. 308, 314, 733 S.E.2d 605, 608-09 (Ct. App. 2012) ("When reviewing the [trial] court's refusal to deliver a requested jury instruction, appellate courts must consider the evidence in a light most favorable to the defendant."); *State v. Light*, 378 S.C. 641, 649, 664 S.E.2d 465, 469 (2008) ("A self-defense charge is not required unless it is supported by the evidence."); *id.* at 650, 664 S.E.2d at 469 ("If there is any evidence in the record from which it could reasonably be inferred that the defendant acted in self-defense, the defendant is entitled to instructions on the defense, and the trial [court's] refusal to do so is reversible error."); *State v. Slater*, 373 S.C. 66, 69-70, 644 S.E.2d 50, 52 (2007) ("To establish self-defense in South Carolina, four elements must be present: (1) the defendant must be without fault in bringing on the difficulty; (2) the defendant must have been in actual imminent danger of losing his life or sustaining serious bodily injury, or he must have actually believed he was in imminent danger of losing his life or sustaining serious bodily injury; (3) if his defense is based upon his belief of imminent danger, defendant must show that a reasonably prudent person of ordinary firmness and courage would have entertained the belief that he was actually in imminent danger and that the circumstances were such as would warrant a person of ordinary prudence, firmness, and courage to strike the fatal blow in order to save himself from serious bodily harm or the loss of his life; and (4) the defendant had no other probable means of avoiding the danger."); *State v. Bixby*, 388 S.C. 528, 554, 698 S.E.2d 572, 586 (2010) ("It is an axiomatic principle of law that [self-]defense has not been established if any one element is disproven."); *State v. Santiago*, 370 S.C. 153, 161, 634 S.E.2d 23, 27-28 (Ct. App. 2006) (ruling the defendant failed to establish self-defense because he had other

means of avoiding the danger such as retreating from the unarmed victim or closing a trunk containing the gun).

**AFFIRMED.**[1]

**KONDUROS, GEATHERS, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.