**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

William Cornelius Sanders, Appellant.

Appellate Case No. 2021-001536

———————

Appeal From Colleton County
Robert J. Bonds, Circuit Court Judge

———————

Unpublished Opinion No. 2024-UP-141
Submitted March 1, 2024 – Filed May 1, 2024

———————

**AFFIRMED**

———————

Appellate Defender Lara Mary Caudy, of Columbia for Appellant.

Attorney General Alan McCrory Wilson, and Assistant Attorney General Ambree Michele Muller, both of Columbia; and Solicitor Isaac McDuffie Stone, III, of Bluffton, all for Respondent.

———————

**PER CURIAM:** William Cornelius Sanders appeals his convictions for attempted murder and possession of a weapon during the commission of a violent crime, and his aggregate sentence of twenty-one and a half years' imprisonment. On appeal,

Sanders argues the trial court erred in admitting evidence of an incident that occurred ten days before the shooting between him and the victim because it did not meet the motive or intent exceptions of Rule 404(b) of the South Carolina Rules of Evidence, was not admissible as part of the res gestae, and its probative value was substantially outweighed by the danger of unfair prejudice, pursuant to Rule 403, South Carolina Rules of Evidence.

We hold the trial court did not abuse its discretion by admitting evidence of the prior incident. *See State v. Wilson*, 345 S.C. 1, 6, 545 S.E.2d 827, 829 (2001). ("If there is any evidence to support the admission of the bad act evidence, the trial [court's] ruling will not be disturbed on appeal."). We hold there was probative evidence to support the court's finding that the testimony was admissible under Rule 404(b), to show Sanders's motive and intent for the attempted murder. *See* Rule 404(b), SCRE ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."); *id*. ("It may, however, be admissible to show motive, identity, the existence of a common scheme or plan, the absence of mistake or accident, or intent."); *State v. Fletcher*, 379 S.C. 17, 23, 664 S.E.2d 480, 483 (2008) ("To be admissible, the bad act must logically relate to the crime with which the defendant has been charged."). Additionally, we hold the testimony was admissible as part of the res gestae because it was integral to the crime and an understanding of the context in which the crime occurred. *See State v. King*, 334 S.C. 504, 512, 514 S.E.2d 578, 582 (1999) ("The *res gestae* theory recognizes evidence of other bad acts may be an integral part of the crime with which the defendant is charged, or may be needed to aid the fact finder in understanding the context in which the crime occurred."); *State v. Dennis*, 402 S.C. 627, 635-36, 742 S.E.2d 21, 26 (Ct. App. 2013) ("One of the accepted bases for the admissibility of evidence of other crimes arises when such evidence furnishes part of the context of the crime or is necessary to a full presentation of the case. . . . And where evidence is admissible to provide this full presentation of the offense, (t)here is no reason to fragmentize the event under inquiry by suppressing parts of the res gestae." (alteration in original) (quoting *United States v. Masters*, 622 F.2d 83, 86 (4th Cir. 1980))). Finally, we hold the trial court did not abuse its discretion in determining the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice when the testimony of the prior incident provided the jury with highly probative context for the shooting, and the trial court took steps to minimize prejudice, such as excluding the charge and the no-contact order that resulted from the prior incident. *See* Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ."); *Wilson*, 345 S.C. at 7, 545 S.E.2d at 830 ("Evidence is unfairly prejudicial

if it has an undue tendency to suggest a decision on an improper basis, such as an emotional one.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., KONDUROS, J., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.